%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MICHAEL DEROSE and THOMAS HEFLICH

**(b)** County of Residence of First Listed Plaintiff: **Bergen**

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Jay J. Rice, Esquire
Nagel Rice, LLp
103 Eisenhower Parkway
Roseland, NJ 07068

## DEFENDANTS
WTW USA, LLC, UNITEK, U.S.A., HM CAPITAL PARTNERS, et. al.

County of Residence of First Listed Defendant: **Montgomery, PA**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Colin D. Dougherty, Esquire

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 & 1441

Brief description of cause:
Plaintiff's claim breach of contract to pay bonuses

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE: 10/2/08

SIGNATURE OF ATTORNEY OF RECORD: [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL DEROSE and THOMAS HEFLICH,<br><br>Plaintiffs,<br><br>v.<br><br>WTW USA, LLC, UNITEK, U.S.A., HM CAPITAL PARTNERS, ELB CAPITAL MANAGEMENT, LLC, as successor to WTW USA, LLC and UNITEK, U.S.A<br><br>Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441, *et seq.*, Defendants WTW USA, LLC ("WTW") and UniTek USA, LLC ("UniTek")(jointly, "Removing Defendants") hereby file this Notice of Removal from the Superior Court of New Jersey, Law Division, Bergen County, New Jersey, in which it is now pending, to the United States District Court for the District of New Jersey. In support of removal, Removing Defendants aver as follow:

1. The present lawsuit is removable from state court to this Court pursuant to 28 U.S.C. §1441(a), because the Complaint attempts to set forth causes of action against Removing Defendants that are within the original jurisdiction conferred on the District Courts of the United States by 28 U.S.C. §1332.

2. Plaintiffs initiated the instant action on or about September 4, 2008, by filing a Complaint in the Superior Court of New Jersey, Law Division, Bergen County, New Jersey. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

3. There is complete diversity of citizenship in the instant action because, pursuant to Plaintiffs' Complaint, Plaintiffs are adult individuals who reside at 64 East Bay Way,

Lavallette, New Jersey and 8 Columbia Drive, Oakland, New Jersey, respectively. *See* Exhibit "A", opening paragraph.

4. Defendant WTW USA, LLC is a Delaware Limited Liability Company with a principal place of business at 1777 Sentry Park West, Gwynedd Hall, Suite 302, Blue Bell, Pennsylvania.[1] WTW is wholly owned by Defendant UniTek USA, LLC.

5. Defendant UniTek USA, LLC is a Delaware Limited Liability Company with a principal place of business at 1777 Sentry Park West, Gwynedd Hall, Suite 302, Blue Bell, Pennsylvania.[2] UniTek is wholly owned by UniTek Acquisition Corporation, a Delaware Corporation.

6. In their Complaint, Plaintiffs allege Defendant HM Capital Partners ("HM") "is a Texas corporation with its principal place of business at 200 Crescent Court, Suite 1600, Dallas, Texas[.]" *See*, Ex. "A", para. 4.

7. In their Complaint, Plaintiffs allege Defendant ELB Capital ("ELB") "is a Pennsylvania corporation with its principal place of business at 2929 Arch Street, Suite 675, Philadelphia, PA[.]" *See*, Ex. "A", para. 3.

8. Moreover, in the Complaint, Plaintiffs demand damages from Defendants in an amount exceeding $100,000. *See*, Exhibit "A".

9. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. §1446(b).

---

[1] In Plaintiffs' Complaint, Defendant WTW USA, LLC is incorrectly indentified as a Pennsylvania Corporation.
[2] In Plaintiffs' Complaint, Defendant UniTek USA, LLC is incorrectly indentified as "Unitek, U.S.A." and as a Pennsylvania Corporation.

2

10. Thus, this Notice of Removal is timely filed within thirty (30) days (as calculated under applicable law and court rules) of Removing Defendants first notice that the claim was removable to this Court. 28 U.S.C. §1446(b).

11. Upon information and belief, Plaintiffs have not properly served Defendants ELB and HM. However, both ELB and HM consent to WTW and Unitek's removal of this action to this Court.

12. Venue is properly laid in this district because a substantial part of the events giving rise to Plaintiffs' purported claim allegedly occurred in this district. 28 U.S.C. §1391(b).

13. The present lawsuit is removable from the state court to this Court pursuant to 28 U.S.C. §1441, *et seq.*, because the action involves parties of diverse citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §1332. *See also* Exhibit "A.

WHEREFORE, the above-captioned action, now pending in the Superior Court of New Jersey, Law Division, Bergen County, New Jersey, is removed therefrom to this Honorable Court.

Respectfully submitted,

OF COUNSEL:
ELLIOTT GREENLEAF
& SIEDZIKOWSKI, P.C.

*s/ Colin D. Dougherty*
Stuart S. Smith
Eric J. Bronstein
Colin D. Dougherty
Union Meeting Corporate Center V
P.O. Box 3010
925 Harvest Drive
Blue Bell, PA  19422
(215) 977-1000

Attorneys for Defendants WTW USA, LLC
and UniTek USA, LLC

DATED: October 2, 2008

**EXHIBIT "A"**

**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, NJ 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| MICHAEL DEROSE and TOM HEFLICH<br><br>Plaintiffs,<br><br>vs.<br><br>WTW USA, LLC, UNITEK, U.S.A., HM CAPITAL PARTNERS, ELB CAPITAL MANAGEMENT, LLC, as successor to WTW USA, LLC and UNITEK, U.S.A.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO. BER-L-6297-08<br><br>CIVIL ACTION<br><br>SUMMONS |

**The State of New Jersey**

**To The Defendant(s) Named Above:**      **UNITEK, U.S.A.**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, New Jersey 08625. A filing fee of $135.00 for Law Division cases or $135.00 for Chancery Division cases, payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

                                                    *Theodore Fetter* (signature)
                                                    THEODORE FETTER
                                                    Clerk of the Superior Court

Dated:   September 4, 2008

Name of Defendant to be Served:    UNITEK, U.S.A.

Address of Defendant to be Served:   1777 Sentry Parkway West
                                              Gwynedd Hall, Suite #302
                                              Blue Bell, PA 19422

## DEPUTY CLERKS OF THE SUPERIOR COURT

ATLANTIC COUNTY:
Lori Mooney, Clerk
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
*LAWYER REFERRAL*
(609) 345-3444
*LEGAL SERVICES*
(609) 348-4200

BERGEN COUNTY:
Kathleen A. Donovan, Clerk
119 Justice Center
10 Main Street
Hackensack, NJ 07601-7968
*LAWYER REFERRAL*
(201) 488-0044
*LEGAL SERVICES*
(201) 487-2166

BURLINGTON COUNTY:
Edward A. Kelly, Jr., Clerk
First Fl., Courts Facility
49 Rancocas Road
Mt. Holley, NJ 08060
*LAWYER REFERRAL*
(609) 261-4862
*LEGAL SERVICES*
(609) 261-1088

CAMDEN COUNTY:
Michael S. Keating, Clerk
First Fl., Hall of Records
501 Fifth Street
Camden, NJ 08103
*LAWYER REFERRAL*
(609) 364-4520
*LEGAL SERVICES*
(609) 364-2010

CUMBERLAND COUNTY:
John G. Nardelli, Clerk
Courthouse, Direct Filing
Broad & Fayette Streets
Bridgeton, NJ 08302
*LAWYER REFERRAL*
(609) 452-5291
*LEGAL SERVICES*
(609) 451-0003/935-8024

ESSEX COUNTY:
Patricia McGarry Drake, Clerk
236 Hall of Records
465 Dr. Martin Luther King, Blvd.
Newark, NJ 07102
*LAWYER REFERRAL*
(201) 533-1779
*LEGAL SERVICES*
(201) 624-4500

GLOUCESTER COUNTY:
Joseph H. Hoffman, Clerk
First Fl., Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
*LAWYER REFERRAL*
(609) 848-4589
*LEGAL SERVICES*
(609) 848-5360

HUDSON COUNTY:
Frank E. Rodgers, Clerk
Superior Court, Civil Records Dept.
Brennan Court House
583 Newark Avenue
Jersey City, NJ 07306
*LAWYER REFERRAL*
(201) 798-2727
*LEGAL SERVICES*
(201) 792-6363

CAPE MAY COUNTY:
Angela F. Pulvino, Clerk
(Law Division Filings)
Box DN-209
Cape May Courthouse, NJ 08210
or
(General Equity Filings)
Box DN-209A
Cape May Courthouse, NJ 08210
*LAWYER REFERRAL*
(609) 463-0313
*LEGAL SERVICES*
(609) 465-3001

MERCER COUNTY:
Albert E. Driver, Jr., Clerk
P.O. Box 8068
209 South Broad Street
Trenton, NJ 08650
*LAWYER REFERRAL*
(609) 890-6200
*LEGAL SERVICES*
(609) 695-6249

MIDDLESEX COUNTY:
Herbert P. Lashomb, Clerk
Court House, East Wing
Lobby Floor/P.O. Box 2633
One Kennedy Square
New Brunswick, NJ 08903-2633
*LAWYER REFERRAL*
(908) 828-0053
*LEGAL SERVICES*
(908) 249-7600

MONMOUTH COUNTY:
Jane Clayton, Clerk
P.O. Box 1262
Court House, East Wing
Freehold, NJ 07728-1262
*LAWYER REFERRAL*
(908) 431-5544
*LEGAL SERVICES*
(908) 747-7400

HUNTERDON COUNTY:
Dorothy K. Tirpok, Clerk
Hall of Records
71 Main Street
Flemington, NJ 08822
*LAWYER REFERRAL*
(609) 788-6112
*LEGAL SERVICES*
(609) 782-7979

SOMERSET COUNTY:
R. Peter Widin, Clerk
Civil/General Equity
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
*LAWYER REFERRAL*
(908) 685-2323
*LEGAL SERVICES*
(908) 231-7400

SUSSEX COUNTY:
Helen C. Ackerman, Clerk
Superior Court, Law Division
49 High Street
Newton, NJ 07860
*LAWYER REFERRAL*
(201) 267-5882
*LEGAL SERVICES*
(201) 383-7400

UNION COUNTY:
Walter G. Halpin, Clerk
First Floor, Court House
Elizabeth, NJ 07207
*LAWYER REFERRAL*
(908) 353-4715
*LEGAL SERVICES*
(908) 354-4340

WARREN COUNTY:

4

MORRIS COUNTY:
Alfonse W. Scerbo, Clerk
CN-900
30 Schuyler Place
Morristown, NJ  07960
*LAWYER REFERRAL*
(201) 267-5882
*LEGAL SERVICES*
(201) 285-6911

OCEAN COUNTY:
M. Dean Haines, Clerk
119 Court House
CN-2191
Toms River, NJ  08754
*LAWYER REFERRAL*
(908) 240-3666
*LEGAL SERVICES*
(908) 371-2727

PASSAIC COUNTY:
William L. Kattak, Clerk
Court House
77 Hamilton Street
Paterson, NJ  07505
*LAWYER REFERRAL*
(201) 278-9223
*LEGAL SERVICES*
(201) 345-7171

SALEM COUNTY:
John W. Cawman, Clerk
92 Market Street, P.O. Box 18
Salem, NJ  08079
*LAWYER REFERRAL*
(609) 678-8363
*LEGAL SERVICES*
(609) 451-0003

Terrance D. Lee, Clerk
Court House
Belvidere, NJ  07823
*LAWYER REFERRAL*
(201) 267-5882
*LEGAL SERVICES*
(201) 475-2010

5

SUPERIOR COURT BERGEN COUNTY
FILED

AUG 19 2008

*[signature]*
DEPUTY CLERK

**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, NJ 07068
(973) 618-0400
Attorneys for Plaintiffs

|  |  |
|---|---|
| MICHAEL DEROSE and TOM HEFLICH<br><br>Plaintiffs,<br><br>vs.<br><br>WTW USA, LLC, UNITEK, U.S.A., HM CAPITAL PARTNERS, ELB CAPITAL MANAGEMENT, LLC, as successor to WTW USA, LLC and UNITEK, U.S.A.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO. BER-L- 6297-08<br><br>CIVIL ACTION<br><br>COMPLAINT (CONTRACT) |

Plaintiff, Michael DeRose ("DeRose"), having his principal place of residence at 64 East Bay Way, Lavallette, New Jersey, 08735 and Tom Heflich ("Heflich) having his principal place of residence at 8 Columbia Drive, Oakland, New Jersey 07436, complains of defendants, WTW USA, LLC ("WTW"), Unitek USA ("Unitek"), HM Capital Partners, LLC ("HM Capital") and ELB Capital Management, LLC ("ELB Capital") says:

## INTRODUCTION

1. Upon information and belief, at all times material and relevant herein, defendant, WTW is a Pennsylvania limited liability corporation with its principal place of business located at 1777 Sentry Parkway West, Gwynedd Hall, Suite #302, Blue Bell, PA 19422.

2. Upon information and belief, at all times material and relevant herein, defendant, Unitek is a Pennsylvania corporation with its principal place of business at 1777 Sentry Parkway West, Gwynedd Hall, Suite #302, Blue Bell, PA 19422. Upon information and believe, Unitek is a provider of out sourced installation, technical maintenance and construction services to leading

companies in the satellite, telephone communication, broadband cable and cellular industries. Upon information and belief, Unitek wholly owns defendant WTW and completely controls all decisions of WTW.

3. Upon information and belief, ELB Capital is a Pennsylvania corporation with its principal place of business at 2929 Arch Street, Suite 675, Philadelphia, PA 19104-2867. It does business in New Jersey. Upon information and belief, in or about January 2006, its President and CEO, Joseph D. Kestenbaum, along with its Chairman, Erik Blum, purchased Unitek and its wholly owned alter-ego, WTW.

4. Upon information and belief, HM Capital is a Texas corporation with its principal place of business at 200 Crescent Court, Suite 1600, Dallas, Texas 75201. It also does business in New Jersey and Pennsylvania. In or about September 2007, it, along with ELB Capital, purchased Unitek, U.S.A. and its alter-ego and wholly owned subsidiary, WTW.

### FIRST COUNT
### (Breach of Contract Against WTW)

5. During 2007, plaintiffs performed services for the defendant WTW by way of delivering clients to them and performing construction and maintenance services to WTW's wireless cellular site customers. Pursuant to said Agreement, plaintiffs were to receive incentives based upon the volume of business produced by plaintiffs, including incentives for the number of contracts signed for services, the dollar amount of billed invoices, as well as, incentives for total sales volumes.

6. During the course of 2007, these incentives amounted to $100,000.

7. Payment has been demanded and has not been made.

8. Plaintiffs' demanded WTW pay and defendant WTW has refused.

9. The aforesaid acts by defendants constitute a breach of contract.

2

WHEREFORE plaintiffs, DeRose and Heflich demand judgment against defendant WTW and Unitek for $100,000, plus interest, costs and legal fees.

## SECOND COUNT
### (Against Unitek, U.S.A.)

10. Plaintiffs repeat and reallege each and every material allegation contained in the First Count of the Complaint as if fully set forth at length herein.

11. Upon information and belief, during 2007, Unitek was the alter-ego of WTW.

12. Unitek and WTW had interlocking officers, shared the same office space, utilized the same support services and were often referred to by their customers and subcontractors interchangeably.

13. Unitek also controlled WTW by paying salaries of certain WTW employees and by providing general insurance coverage for WTW projects.

14. Unitek also managed and negotiated the agreement with Heflich and DeRose and provided direction for the work performed by Heflich and DeRose.

15. In or about September 2007, in a discussion with Unitek, CEO, Scott Hisey, assured plaintiffs that they would be compensated according to a bonus agreement that Hisey approved at Unitek. He further advised that he had instructed his accounting staff to make sure and accrue for said expense.

16. Unitek is responsible for the debt incurred as a result of the work and services performed by plaintiffs.

17. Unitek breached its agreement with Heflich and DeRose to pay for services provided by them.

18. Heflich and DeRose have demanded payment of Unitek and have been refused.

3

WHEREFORE plaintiffs, DeRose and Heflich demand judgment against defendant WTW and Unitek for $100,000, plus interest, costs and legal fees.

### THIRD COUNT
### (Breach of Covenant of Good Faith and Fair Dealing Against WTW)

19. Plaintiffs repeat and reallege each and every material allegation contained in the First and Second Counts of the Complaint as if fully set forth at length herein.

20. In the event that WTW is correct in asserting that it has no contractual relationship directly with DeRose and Heflich and it is found that the contractual relationship is actually with WTW, then Unitek has breached its covenant of good faith and fair dealing by virtue of its confusing its true identity to DeRose and Heflich.

21. DeRose and Heflich have been injured as result of WTW's breach of the covenant of good faith and fair dealing.

**WHEREFORE**, plaintiffs, DeRose and Heflich, demands judgment against the WTW. for compensatory damages, punitive damages, interests thereon, attorneys' fees and costs of suit.

### FOURTH COUNT
### (Breach of Covenant of Good Faith and Fair Dealing Against Unitek)

22. Plaintiffs repeat and reallege each and every material allegation contained in the First, Second and Third Counts of the Complaint as if fully set forth at length herein.

23. In the event that Unitek is correct in asserting that it has no contractual relationship directly with DeRose and Heflich and it is found that the contractual relationship is actually with Unitek, then WTW has breached its covenant of good faith and fair dealing by virtue of confusing its true identity to DeRose and Heflich.

24. DeRose and Heflich have been injured as result of Unitek's breach of the covenant of good faith and fair dealing.

4

**WHEREFORE**, plaintiffs, DeRose and Heflich, demands judgment against Unitek for compensatory damages, punitive damages, interests thereon, attorneys' fees and costs of suit.

## FIFTH COUNT
### (Quantum Merit Against WTW and Unitek)

25. Plaintiffs repeat and reallege each and every material allegation contained in the First, Second, Third and Fourth Counts of the Complaint as if fully set forth at length herein.

26. In the event that plaintiffs are deemed not to have an agreement with either WTW or Unitek, plaintiffs are entitled to the reasonable value of the services provided to Unitek and WTW.

27. Defendants WTW and Unitek have failed to provide such reasonable value.

**WHEREFORE**, plaintiffs, DeRose and Heflich, demands judgment against defendants WTW and Unitek for compensatory damages, punitive damages, interests thereon, attorneys' fees and costs of suit.

## SIXTH COUNT
### (Breach of Contract Against ELB Capital)

28. Plaintiffs repeat and reallege each and every material allegation contained in the First, Second, Third, Fourth and Fifth Counts of the Complaint as if fully set forth at length herein.

29. Defendant ELB Capital's CEO and President is Joseph D. Kestenbaum and Chairman is Erik Blum. In or about January 2006, Kestenbaum and Blum became controlling owners of Unitek and its alter-ego, WTW.

30. Kestenbaum, at the time, also served as the Chairman of Unitek and its co-founder.

5

31. Kestenbaum participated in the negotiation with the plaintiffs regarding their incentive payment. He promised payment for their services.

32. The interlocking nature of Kestenbaum's employment with ELB Capital and Unitek created the impression that Unitek and ELB Capital were one in the same.

33. ELB Capital took over Unitek and its alter-ego WTW, it is responsible for its debts.

34. Plaintiffs have made demand on ELB Capital for payment and have been refused.

**WHEREFORE**, plaintiffs, DeRose and Heflich, demands judgment against ELB Capital for compensatory damages, punitive damages, interests thereon, attorneys' fees and costs of suit.

## SEVENTH COUNT
### (Against HM Capital)

35. Plaintiffs repeat and reallege each and every material allegation contained in the First, Second, Third, Fourth and Fifth Counts of the Complaint as if fully set forth at length herein.

36. As successor in interest to WTW and Unitek, defendant HM is responsible for payment of the outstanding obligations of Unitek and WTW.

37. Plaintiffs have made demand on HM Capital and they have refused payment owed to plaintiffs DeRose and Heflich.

**WHEREFORE**, plaintiffs, DeRose and Heflich, demands judgment against HM Capital for compensatory damages, punitive damages, interests thereon, attorneys' fees and costs of suit.

NAGEL RICE, LLP
Attorneys for Plaintiff

DATED: August 15, 2008   By: _____
Jay J. Rice, Esq.

## CERTIFICATION

I certify that the matter in controversy is not subject of any other action or arbitrational proceeding now or contemplated, and that no other parties should be joined in this action. R. 4:5-1.

DATED: August 15, 2008

By: _____
Jay J. Rice, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this date, I caused to be served a true and correct copy of the foregoing Notice of Removal by U.S. mail, first class, postage prepaid, upon the following:

>Jay J. Rice, Esq.
>NAGEL RICE, LLP
>103 Eisenhower Parkway
>Roseland, NJ 07068
>
>Attorney for Plaintiffs

s/ Colin D. Dougherty<br>
COLIN D. DOUGHERTY

DATED: October 2, 2008